UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DANIEL K. GARRISON, a single man,   )   NO.   CV-07-00392-JLQ
CHRISTOPHER M. ROY, a single man,   )
FREDERICK D. ROY, a single man, and )   ORDER GRANTING PLAINTIFFS'
others similarly situated,          )   MOTION FOR CLASS
                                    )   CERTIFICATION
                    Plaintiffs,     )
                                    )
        -vs-                        )
                                    )
ASOTIN COUNTY, a political          )
subdivision of the State of Washington )
                                    )
                    Defendants.     )
                                    )

BEFORE THE COURT is Plaintiffs' Motion to Certify a Class of Similarly Situated Individuals. Ct. Rec. 12. The Plaintiffs are represented by Jeffry K. Finer and Breean L. Beggs. The Defendant is represented by Jennifer D. Homer and Jerry John Moberg. After an analysis of Federal Rule of Civil Procedure ("FRCP") 23 and all papers filed in support of and in opposition to the Motion, the Court **GRANTS** Plaintiffs' Motion for Class Certification.[1]

## I.    BACKGROUND

Plaintiffs, Danie K. Garrison, Christopher M. Roy, and Frederick D. Roy, filed suit on

---

[1] 1. The court has also considered and the Order Granting Plaintiff's Motion for Class Certification in *Huss v. Spokane Co.*, CV-05-180-FVS, Ct. Rec. 162 (E.D. Wash. August 25, 2008).

ORDER - 1

December 6, 2007, under 42 U.S.C. §§ 1983 and 1988, on behalf of themselves and others similarly situated, against Defendant, Asotin County, alleging that the Asotin County Jail's "booking fee policy" violates the Plaintiffs' "constitutional rights under the Fourteenth Amendment not to be deprived of property without due process of law." Ct. Rec. 1 at 2. In May 1999, the Washington legislature passed RCW § 70.48.390, authorizing city, county, and regional jails to take a $10.00 booking fee from the person of each individual booked into jail. In May 2003, the Washington legislature amended RCW § 70.48.390, allowing jails to require each person who is booked into jail to pay a fee based on the jail's "actual booking costs or one hundred dollars, whichever is less." The "fee is payable immediately from any money then possessed by the person being booked" into jail. RCW § 70.48.390.

In accordance with RCW § 70.48.390, the Asotin County Jail begin collecting a booking fee of ten dollars in 1999 and fifty dollars in 2005. Defendant alleges the booking fees stopped in December of 2006. Pursuant to the statute, the Policy allows the fees to be taken directly from any funds in the person's possession at the time of booking. Ct. Rec. 25 at 2. Plaintiffs allege that, "since February 1, 2003, Asotin County has seized tens, if not hundreds, of thousands of dollars from thousands of inmates at the Asotin County Jail...." Ct. Rec. 1 at 5.

Plaintiffs allege that the Defendant's booking fee collection policy violates the Fourteenth Amendment for five reasons: 1) there is not adequate notice of the seizure and conversion of the property; 2) it does not provide an opportunity to object to the policy; 3) there is not an opportunity for a pre-deprivation hearing; 4) "[i]t impermissibly places the burden on each individual plaintiff to get their money back;" and 5) there is not a procedure in place to safeguard that the property will be returned if the person is not charged or is acquitted. Ct. Rec. 1 at 8.

All three class representatives were assessed a booking fee by the Asotin County Jail. Daniel K. Garrison was arrested on October 31, 2005. The Asotin County Jail assessed a fifty dollar booking fee and later collected ten dollars from him. Ct. Rec. 1. Christopher M. Roy

ORDER - 2

was arrested on May 19, 2005 and September 19, 2005. The Asotin County Jail assessed a fifty dollar fee for each arrest and collected a total of one hundred dollars. *Id*. Frederick D. Roy was arrested on August 18, 2005, the Asotin County Jail assessed a fifty dollar booking fee, and later collected fifteen dollars from him. *Id*. Frederick Roy was later released, all charged were dropped, and the Plaintiff alleges that the Defendant has yet to refund any of the fee. *Id*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23 ("Rule 23") governs class actions. A class action may only be certified after a "rigorous analysis" that the prerequisites of Rule 23 have been met. *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 161 (1982). The party seeking class certification bears the burden of demonstrating that it has met each of the four requirements of Rule 23(a) and at least one of the Rule 23(b) requirements. *See Dukes v. Wal-Mart, Inc*., 509 F.3d 1168, 1177 (9th Cir. 2007); *Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Under Rule 23(a), in order to bring a class action, a plaintiff must demonstrate: "(1) the class is so numerous that joinder of all members is impracticable" ("numerosity"); (2) there are questions of law or fact common to the class" ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class" ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class" ("adequacy of representation")." Fed.R.Civ.P. 23(a); *Stanton v. Boeing, Co.*, 327 F.3d. 938, 953 (9th Cir. 2003). The second, third, and fourth requirements tend to merge together. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n. 20 (1997). Taken together, these three requirements " 'serve as guideposts for determining whether ... maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.' " *Id*. (*quoting General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982)).

ORDER - 3

Additionally, a plaintiff must satisfy one of the prongs of Rule 23(b). Where, as here, a plaintiff moves for class certification under Rule 23(b)(3), the plaintiff must prove that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). The court must consider: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; © the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id*. A class action may be maintained under the four prongs of Rule 23(b)(3) when two elements are satisfied: first, questions of law and fact common to the class must predominate over individual issues ("predominance"); second, the class-action mechanism must be superior to the other available methods of adjudication ("superiority"). *Amchem Prods.*, 521 U.S. at 615.

Although some inquiry into the substance of a case may be necessary to satisfy the requirements of Rule 23's requirements, generally arguments on the merits are improper at the class certification stage. *See Dukes,* 509 F.3d at 1168; *Staton v. Boeing*, 327 F.3d 928, 954 (9th Cir. 2003); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action."). The depth of review and explication necessary to resolve class certification issues varies with the facts of the case. *Chamberlain v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005). Where "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim," an "almost conclusory" explanation may suffice. *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1023 (9th Cir. 1998) (citing *General Telephone,* 457 U.S. at 160). As a general rule, the trial court must accept the allegations of the complaint as true at this stage.

ORDER - 4

*See, e.g., Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975). *Jiminez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 246 (C.D. Cal. 2006); *LaCasse v. Wash. Mut., Inc.*, 198 F. Supp. 2d 1255, 1261 (W.D. Wash. 2002).

## III.  DISCUSSION

### A.  RULE 23(a)

#### 1.  Numerosity

A proposed class satisfies the numerosity prerequisite when class members are so numerous that joinder of all of them would be impractical. Fed. R. Civ. P. 23(a)(1).  Joinder need not only be impractical; it does not need to be impossible. *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998) (citing *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964)).  The appropriateness of certification depends on the facts of the particular case rather than the existence of a particular minimum number of plaintiffs.  The party seeking certification need not identify the precise number of potential class members.  *Id.*

Plaintiff alleges that the proposed class includes "hundreds if not thousands" of individuals who were unlawfully deprived of their seized jail booking fees without due process from an unknown date in 1999, to present (December 06, 2006).  (Ct. Rec. 1 at 6).  Generally, 40 or more members will satisfy the numerosity requirement.  *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2nd Cir. 1995).  The court finds that Plaintiff has satisfied the numerosity prerequisite.

#### 2.  Commonality

A proposed class satisfies the commonality prerequisite when "there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2).  The commonality requirement is construed permissively. *Dukes,* 509 F.3d at 1177. Class members need not share all factual or legal issues in order to satisfy the commonality requirement. *Id.*  Rather,

ORDER - 5

"[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019.  Defendant asserts that the class is "overly broad" and that the class representatives do not adequately represent the class as a whole. Ct. Rec. 24 at 2. The defendant argues that because the class representatives were pre-conviction rather than post-conviction, civil contemnors, or probation violators, they face different questions of fact and law than the whole class. *Id.* at 16. However, all proposed class members allegedly had their due process rights violated by the Jail depriving them of their property, pursuant to the Jail's booking fee policy, without being provided proper notice or a pre-deprivation hearing. That is the common underlying facts and legal theories of the Plaintiffs' Complaint. A "common nucleus of operative facts" is usually enough to satisfy the commonality requirement. *Rosario v. Livaditis*, 963 F.2d 1013, 1017-18 (7th Cir. 1992).  The court concludes that Plaintiff has satisfied the commonality prerequisite.

### 3.    Typicality

A proposed class representative satisfies the typicality prerequisite when the claims of the class representative are typical of the class.  Fed. R. Civ. P. 23(a)(3).  A representative's claims are typical of the class when they are "reasonably co-extensive with those of absent class members; they need not be identical." *Mendoza v. Zirkle Fruit Co.*, 222 F.R.D. 439, 445 (E.D. Wash. 2004) (quoting *Hanlon*, 150 F.3d at 1020).  "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Fernandez v. Dep't of Soc. & Health Servs.*, 232 F.R.D. 642, 645 (E.D. Wash. 2005) (quoting *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001)).

Like all proposed class members, Mr. Garrison, Mr. C. Roy, and Mr. F. Roy allege that they experienced a deprivation of property pursuant to the Jail's booking fee policy without due process.  The defendant again argues that the class representatives' claims, as pre-

ORDER - 6

conviction detainees, are not typical of the class as a whole because the "defenses of civil contemnors and post-conviction detainees are far different than the claims and defenses" of the representatives. Ct. Rec. 24 at 18. However, again, all of the proposed class members were allegedly harmed by the same course of conduct, and the alleged injury of the proposed representatives are similar to those of the proposed class members. The booking fee does not apparently vary based on the charge nor by the timing it was collected. The court finds that the proposed class representative is typical of the class.

### 4. Adequacy of Representation

A proposed class representative satisfies the adequacy of representation prerequisite when the proposed representative will adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). In making this determination, a trial court should make two inquiries. First, the court should determine whether either the representative or the representative's counsel have any conflicts of interest with the class. Second, the court should consider whether the representative will "prosecute the action vigorously on behalf of the class." *Fernandez*, 232 F.R.D. at 645 (citing *Hanlon*, 150 F.3d at 1020).

Defendant has not demonstrated any concrete conflict between the class representatives and any proposed members of the class nor has Defendant provided a relevant argument with respect to whether the class representatives will vigorously prosecute this matter. There is no evidence of conflict between the class representatives with any class members nor any evidence they will not prosecute this action vigorously on behalf of the entire class. *See Hanlon*, 150 F.3d at 1020. The court finds that the class representatives and counsel will "fairly and adequately" protect the interests of all members in the class. Fed. R. Civ. P. 23(a)(4).

Based on this court's analysis of the arguments and the Rule 23 (a), the court is persuaded that the prerequisites of Rule 23(a) are satisfied in this case.

### B. RULE 23(b)(3): Common Questions of Law or Fact Predominate

ORDER - 7

Fed. R. Civ. P. 23(b)(3) permits the certification of a class action if common questions of law or fact predominate over an individual's questions:

> . . . the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; © the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

To bring an action under Rule 23(b)(3) common questions of law or fact must predominate over the individual issues presented in the dispute ("predominance") and it must be shown that class treatment is a superior form of relief ("superiority") considering the four criteria listed in Rule 23(b)(3). *Amchem Prods.*, 521 U.S. at 615.

### 1.    Predominance

Certification under Rule 23(b)(3) is appropriate when common questions predominate over individual issues among class members. Fed. R. Civ. P. 23(b)(3). The predominance inquiry tests whether a proposed class is sufficiently cohesive to warrant adjudication by representation. *Amchem*, 521 U.S. at 624. "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Zinser*, 253 F.3d at 1189.

All potential class members were booked into the Jail and were allegedly deprived of their property without due process pursuant to the Jail's booking fee policy. Common questions of law and fact exist for the entire class and predominate in this matter. Although Defendant alleges that the issue of damages presents an individual issue based on the reason and timing of the detention, it is well established that individual damage issues generally do not defeat predominance. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 494 (C.D. Cal. 2006) (collecting cases). The court finds that Plaintiffs have satisfied the predominance requirement.

ORDER - 8

1

## 2.    Superiority

Certification under Rule 23(b)(3) is appropriate when adjudicating the case as a class action would be superior to other methods of adjudication. *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). In determining whether a class satisfies the superiority requirement a trial court compares the class action mechanism to the potential mechanisms for resolving the case. *Hanlon,* 150 F.3d at 1023. The court should "balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods' of adjudication." *Georgine v. Amchem Prods. Inc.*, 83 F.3d 610, 632 (3d Cir. 1996). "The greater the number of individual issues, the less likely superiority can be established." *Castano*, 84 F.3d at 745 n. 19. The court should also consider "whether the objectives of the particular class action procedure will be achieved in the particular case." *Id.* (citing Wright & Miller, Federal Practice & Procedure § 1779).

The only alternative to class certification in this case would be individual actions. Individual actions are not a viable option in this case. The small claims of each of the proposed class members would likely prevent them from seeking individual relief, and would unnecessarily and inefficiently use judicial time and resources. The court finds that Plaintiffs have satisfied the superiority requirement. Accordingly, the court is persuaded that the Plaintiffs has satisfied Rule 23(b)(3).

## C. Merits of the Claim

Defendant argues that the Plaintiffs must first establish that the class members have suffered a violation of their civil rights before the court may certify the class. Ct. Rec. 24 at 2, 5-13. However, while some inquiry into the substance of a case may be necessary to ascertain satisfaction of Rule 23's requirements, generally arguments on the merits are improper at the class certification stage. *See Dukes,* 509 F.3d at 1168; *Boeing*, 327 F.3d at 954. The court considered these arguments in so far as they affected the analysis of Rule 23(a) and (b). The court is satisfied that the Plaintiffs have met the prerequisites of Rule 23(a) and

ORDER - 9

(b).

## IV.    THE PROPOSED CLASS

### A.  Standing

Defendant asserts that the class representatives do not have Article III standing to challenge the booking fee procedure of absent class members who were not booked into the Jail pre-conviction. Ct. Rec. 24 at 13-14. They argue that the class representatives did not suffer the same injury because they were booked at a different stage than some of the potential class members. *Id.*

In the context of a class action, the individual class representative must have standing to bring the claims he seeks to assert on behalf of the class. *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 675, 38 L. Ed. 2d 674, 682 (1974).  A party has standing to bring a claim when he or she has suffered an actual injury, the defendant's conduct caused the injury, and action by the court is capable of redressing the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L. Ed. 2d 351 (1992).

The reason an individual is booked into the Jail is of no significance to the actual deprivation of property, *without due process*, which allegedly occurs upon the collection of a booking fee.  The proposed definition of the class is for all individuals who were assessed a booking fee in violation of due process - it need not specifically distinguish the reason for the booking fee as the definition requires that all class members suffered a due process violation. The class representatives and potential class members all allege that they were deprived of property without due process.  The court finds that the class representatives, Mr. Garrison, Mr. C. Roy, and Mr. F. Roy, have standing to represent the proposed class.

### B.  Class Definition

A class proposed under Rule 23(b)(3) must be sufficiently well defined so that the court may provide individual notice to all members who can be identified through reasonable effort.

*Mendoza*, 222 F.R.D. at 442.  A class does not have to be defined with precision at the outset. 7A C. Wright et al., Federal Practice & Procedure § 1760, at 117 (2d ed. 1986).  The test is whether the description of the class is "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Id*. at 121.

Plaintiffs' proposed class definition consists of "all individuals who were assessed a booking fee and whose funds have been converted to the County's use under the Asotin County Jail's booking fee policy and RCW 70.48.390 without adequate notice and/or hearing, in violation of their due process rights under the law." Ct. Rec 12 at 2. This request is consistent with the allegations described in Plaintiffs' complaint. Ct. Rec. 1.

Defendant seems to argue that, should the court grant Plaintiffs' motion for class certification, the class should be limited only to only pre-conviction detainees. *See* Ct. Rec. 24.  Essentially the Defendant argues that individuals should be excluded from the proposed class unless their situation exactly mirrors that of the class representatives.   The court finds this argument unpersuasive.  A class representative's claims need not be identical with those of absent class members.  *Mendoza*, 222 F.R.D. at 445.  The proposed class includes all individuals who suffered a due process violation as a result of the allegedly unlawful booking fee.  The alleged Constitutional violation at issue in this case occurred at the moment of the taking without due process. Ct. Rec. 1 at 8. It would be inappropriate to narrow the proposed class to only include members who encountered the exact circumstances as the class representatives.

Accordingly, the court finds that the class shall be certified as follows:

> The class of individuals who were assessed a booking fee and whose funds have been converted to the County's use under the Asotin County Jail's booking fee policy and RCW 70.48.390 without adequate notice and/or hearing, in violation of their due process rights under the law.

While the court acknowledges that this definition is not precise, the court finds this class is sufficiently defined and  appropriate given the allegations in this case.

ORDER - 11

1

## V.    CLASS COUNSEL

2

A court that certifies a class must appoint class counsel.  Fed. R. Civ. P. 23(g)(1)(A).

3

In evaluating Plaintiffs' motion, the court has considered the following factors to the extent

4

they are reflected in the record: "the work counsel has done in identifying or investigating

5

potential claims in the action," "counsel's experience in handling class actions, other complex

6

litigation, and claims of the type asserted in the action," "counsel's knowledge of the

7

applicable law," and "the resources counsel will commit to representing the class."  Fed. R.

8

Civ. P. 23(g)(1)©.  Having considered these factors, the court is satisfied that Plaintiffs'

9

counsel of record will fairly and adequately represent the interests of the class.  Fed. R. Civ.

10

P. 23(g)(1)(B).  Accordingly, it is ordered that Plaintiffs' counsel of record shall serve as class

11

counsel in this matter.

12

## VI.    CONCLUSION

13

Accordingly, **IT IS HEREBY ORDERED**:

14

1.    The Plaintiffs' Motion For Class Certification (**Ct. Rec. 12**) is **GRANTED.**

15

2.    This action shall proceed as a class action on behalf of a

16

class of individuals who were assessed a booking fee and whose funds have been

17

converted to the County's use under the Asotin County Jail's booking fee policy and

18

RCW 70.48.390 without adequate notice and/or hearing, in violation of their due

19

process rights under the law.

20

3.    Daniel K. Garrison, Christopher M. Roy, and Frederick D. Roy shall serve as the class

21

representatives.

22

4.    Attorneys for the Center for Justice, Jeffry K. Finer and Breean L. Beggs, shall

23

serve as counsel for the class.

24

5.    A telephonic scheduling conference will be scheduled by separate notice to discuss

25

26

ORDER - 12

all further deadlines in this case, including a deadline for submission of a proposed notice and distribution plan.

**IT IS SO ORDERED.**  The Clerk shall enter this Order and furnish copies to counsel.

DATED this 29th day of August, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 13